JUDGE KAPLAN

401-07/MEU/MAM

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
AL JAZEERA SHIPPING COMPANY LLC
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV 7813

------------------------------------------------------------x

AL JAZEERA SHIPPING COMPANY LLC,

                                    07 CIV    (   )

                    Plaintiff,

                                    **VERIFIED COMPLAINT**

          -against -

COMMON DIVING AND INSPECTION
SERVICES LLC,

                    Defendant.

------------------------------------------------------------x

Plaintiff AL JAZEERA SHIPPING COMPANY LLC ("AJSC") through its attorneys Freehill

Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant COMMON DIVING

AND INSPECTION SERVICES LLC ("CDIS"), alleges upon information and belief as follows:

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves a claim for the breaches of two maritime

contracts by Defendant. The case also falls within the Court's admiralty and maritime jurisdiction

pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question

jurisdiction pursuant to 28 U.S.C. §1331.

      2.    At all times relevant hereto, Plaintiff AJSC was and still is a foreign business entity

duly organized and existing under the laws of a foreign country with a place of business at PO Box

302, Manama, Kingdom of Bahrain.

3.     At all times relevant hereto, Defendant CDIS was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a registered office at PO Box 38105, Sharjah, UAE.

4.     On or about March 20, 2003, AJSC, as owner, and CDIS, as charterer, entered into a maritime contract on an amended Uniform Time Charter Party for the use and operation of the tug boat INSTANT MARINER.

5.     On or about May 6, 2004, AJSC, as owner, and CDIS, as charterer, entered into a maritime contract on an amended Uniform Time Charter Party for the use and operation of the tug boat FULMAR.

6.     AJSC duly tendered the tug boats INSTANT MARINER and FULMAR under the respective charter parties and the vessels commenced performance under the command and operation of CDIS.

7.     With respect to the INSTANT MARINER, CDIS paid all of the charter hire due to AJSC except the sum of $468,149.48.  Thus at the expiration of the maritime contract between AJSC and CDIS, CDIS owed AJSC the total sum of $468,149.48.

8.     With respect to the FULMAR, CDIS paid all of the charter hire due to AJSC except the sum of $136,431.00.  Thus at the expiration of the maritime contract between AJSC and CDIS, CDIS owed AJSC the total sum of $136,431.00.

9.     As CDIS refused to pay the outstanding charter hire, AJSC commenced lawsuits against CDIS in the Sharjah Federal Courts of First Instance, United Arab Emirates.

10.     On December 12, 2006, the First Civil Department of the Sharjah Federal Court of First Instance granted judgment in AJSC's favor and directed CDIS to pay the sum of $468,149.48, together with interest to be computed at the rate of 5 percent per annum beginning from October 8, 2005 until full payment, and legal fees in the sum of United Arab Emirates Dirhams (AED) 500 equivalent to $136.13.  See Exhibit A annexed hereto.

11.    On April 30, 2007, the Second Civil Department of the Sharjah Federal Court of First Instance granted judgment in AJSC's favor and directed CDIS to pay the sum of $136,431, together with interest to be computed at the rate of 5 percent per annum beginning from October 8, 2005 until full payment, and legal fees which, according to the advice of Plaintiff UAE's counsel, amount in the sum of United Arab Emirates Dirhams (AED) 300, equivalent to $81.68.  See Exhibit B annexed hereto.

12.    Despite due demand, the money Judgments entered against CDIS by the Sharjah Federal Court of First Instance remain due and outstanding.

13.    This action is brought to obtain jurisdiction over Defendant CDIS and to enforce the Judgments of the Sharjah Federal Court of First Instance pursuant to principles of comity and New York C.P.L.R. Article 53.

14.    After investigation, Defendant CDIS cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant ("ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

15.    As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by AJSC against CDIS includes:

    (i)        Judgment in the sum of $468,149.48 concerning the outstanding charter hire due
              for the INSTANT MARINER (Ex. A at p. 4);

(ii)     Award of interest on the above Judgment, calculated from October 8, 2005 to September 4, 2007 at the rate of 5 % per annum, in the sum of $47,284.94 and continuing to accrue until payment (Ex. A at p. 4);

(iii)    Award of legal fees in the sum of AED500 or $136.13 (at the exchange rate of 1AED = 0.272258USD) (Ex. A at p. 4);

(iv)     Judgment in the sum of $136,431.00 concerning the outstanding hire due for the FULMAR (Ex. B at p. 3);

(v)      Award of interest on the above Judgment, calculated from October 8, 2005 to September 4, 2007 at the rate of 5% per annum, in the sum of $13,687.73, and continuing to accrue until payment (Ex. B at p. 3));

(vi)     Award of attorneys' fees in the sum of $81.68 (Ex. B at p. 3):

(vii)    Interest on the above sums for a further period of six (6) months which it is expected to take to recover on the judgments issued in Plaintiff's favor in the amount of $16,644.00 (calculated at 5%);

(viii)   Attorneys' fees in respect to collection efforts in New York in the sum of $25,000.00.

WHEREFORE, Plaintiff AJSC prays:

a.  That process in due form of law according to the practice of this Court may issue against Defendant CDIS, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $665,770.96, plus interest that continues to accrue until payment;

b.  That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$707,414.96**, be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant (collectively hereinafter "ASSETS") including, but not limited to such ASSETS as

may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through or within the possession, custody or control of banking institutions and any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c.  That this Court recognize and confirm the judgments rendered on the claims set forth herein as a Judgment of this Court;

d.  That this Court retain jurisdiction over this matter through the entry of any judgment;

e.  That this Court award Plaintiff its attorneys' fees and costs of this action; and

f.  That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       September 4, 2007

        FREEHILL HOGAN & MAHAR, LLP
        Attorneys for Plaintiff
        AL JAZEERA SHIPPING COMPANY LLC

By: _____

        Michael E. Unger (MU 0045)
        Manuel A. Molina (MM 1017)
        80 Pine Street
        New York, NY 10005
        Tel: (212) 425-1900

EXHIBIT A

IN THE NAME OF H. H. SHEIKH KHALIFA BIN ZAYED AL NHAYAN
THE PRESIDENT OF THE UNITED ARAB EMIRATES

The First Civil Department

Chairman:      Judge Ahmed Abdullah Al Mulla
Members:       Judge Ahmed Mohamed Ismael
               Judge Yasir Ahmed Al Ahmedawi

Attending:     Mr. Khalid Saleem Suleiman Saeed, Secretary

has, at the public hearing on 17.12.2006 at the Court's seat in Sharjah, issued the
following judgment in the suit No. 305 of 2005 plenary, Sharjah

Plaintiff:     **Al Jazira Shipping Company LLC**

-V-

Defendants:    **Common Diving & Inspection Services (CDIS) LLC**

### The judgment

Having examined the papers, heard the pleading and following deliberation,

Whereas the suit in terms of the facts, litigation and documents was previously
concluded under the judgment issued by this Court at the hearing on 15.3.2006, the
Court refers to the said judgment in order to avoid reiteration. However, the Court briefs
the facts of the suit to the extent sufficient to substantiate this judgment that the
Plaintiff, Al Jazira Shipping Company LLC litigated the Defendant, Common Diving &
Inspection Services (CDIS) LLC, under a suit statement filed with the Clerk's Office of
the Court on 8.10.2005 and duly notified seeking a judgment to require the Defendant to
pay US$ 468,149.48, equivalent to AED 1,718,108.59, and the interest at the rate of 9%
as of the date of the claim until full payment on the ground that the Defendant hired two
tugs, a barge and a crane from the Plaintiff pursuant to a charter party dated 20.3.2004.
The said charter party was renewed until 10.8.2004 and the outstanding amount payable
by the Defendant for such renewal is US$ 468,149.48. The Plaintiff repeatedly
demanded the Defendant to pay the said amount and the latter replied after all under a
letter dated 23.2.2005 stating that the Defendant is indebted by the amount of the claim
and the Defendant requested a period for payment. After the elapse of the said period,
the Defendant did not pay the requested amount and therefore resorted to the settlement

1

and conciliation committee. Due to the failure of the settlement, the present suit was filed and the above requests were sought.

Whereas the suit was deliberated as set out in its hearings until the hearing on 15.3.2006 in which the Court ordered to dismiss the suit on the ground of arbitration clause.

The Plaintiff appealed the above judgment under the appeal No. 177 of 2006. The Court of Cassation ordered at the hearing on 5.7.2006 to accept the appeal on the form and, on the merit, to set aside the appealed judgment, to accept the suit and to remand the same to the Court of First Instance to conclude its merit.

In execution of the above judgment, the present suit was filed and deliberated as set out in the minutes of its hearings until the hearing on 8.11.2006 in which the Plaintiff indicated that the letters sent from the Defendant to the Plaintiff on 17.4.2005 and 23.4.2005 included an acknowledgement by the Defendant of the outstanding debts and that the Defendant shall pay the said debts whenever it is able to do so due to the Defendant's financial difficulties. The Plaintiff concluded the said memorandum seeking its requests set out in the suit statement. The Plaintiff also submitted a portfolio of documents comprising the following:

1.    A copy of the Defendant's letter to the Plaintiff on 3.1.2005 regarding the payment of US$ fifty thousand as a late payment of the outstanding amount.

2.    A copy of the Defendant's letter to the Plaintiff on 17.4.2005 indicating the Defendant's financial difficulties and that the Defendant shall pay the invoices of the overdue and outstanding amounts whenever it is able to do so.

3.    A copy of the Defendant's letter to the Plaintiff on 23.4.2005 stating that the Defendant does not disclaim its obligations towards the Plaintiff and requests a period until the Defendant's financial conditions get better.

..........................................

Whereas the Court decided at the said hearing to reserve the suit in order to issue its judgment in today's hearing.

And whereas it is established that an obligation, whose legal maturity requirements are fulfilled, must be met; failing which the debtor shall be compelled to meet such obligation whether in kind or in indemnity in accordance with the law.

2

And whereas it is established that the court of merit has the authority to conclude and to interpret the facts of the suit, to assess its evidences, to deduce the facts from such evidences and from all witnesses and proofs so long as the conclusion of the court of merit is established in the papers and does not violate the law.

And whereas it is established that the organized commercial books maintained by a trader are an argument for its owner against a litigated trader whenever the dispute is related to a commercial business.

And whereas it is established in the papers of the suit that the litigants are two companies conducting marine business and that the Defendant hired two tugs, a barge and a crane from the Plaintiff until 10.8.2004 under a charter party dated 20.3.2004. The Plaintiff issued invoices in consideration of the rental of the said equipment, the services provided by the Plaintiff and the amounts disbursed by the Plaintiff on such equipment during the term of such charter party. The Plaintiff also submitted a statement of account dated 12.6.2005 extracted from the Plaintiff's commercial books containing the details of each invoice, its date, its value and its subject. The Defendant did not submit any document establishing that it registered its objection against all or any of the said invoices. Furthermore, it is established that in reply to Plaintiff's letters to the Defendant demanding the latter to pay the amounts payable to the Plaintiff for the above charter party, the Defendant sent three letters to the Plaintiff; the first letter was sent on 3.1.2005 stating that the Defendant transferred the amount of US$ fifty thousand as part of the outstanding amount payable by the Defendant. The other two letters were sent on 17.4.2005 and 23.4.2005 stating that the Defendant does not dispute the Plaintiff's entitlements and that the Defendant shall pay such entitlements whenever its financial condition gets better due to the Defendant's financial difficulties. On ground of the above and whereas the Defendant did not submit any proof or evidence on the ground of which the Plaintiff's suit may be dismissed, the Court, having the authority to conclude and interpret the facts in the suit, to assess its evidences and to deduce the facts therefrom, concludes that on ground of the above the Defendant is indebted by the amount of claim, the subject matter of the claim. Therefore, the Defendant must pay the said amount to the Plaintiff.

As for the request of an interest, whereas the claimed amount is a commercial debt, the Court adjudges a simple interest at the rate of 5% per annum as of 8.10.2005 until full payment provided such interest may not exceed the principal pursuant to Articles 76, 88 and 90 of the Commercial Transactions Law.

As for the expenses, the Court requires the Defendant being the judgment debtor to pay the same pursuant to Article 133/1 & 2 of the Civil Procedures Law.

3

<u>Therefore</u>

<u>The Court orders in presence</u> to require the Defendant, Common Diving & Inspection Services (CDIS) LLC, to pay the Plaintiff, Al Jazira Shipping Company LLC, the amount of US$ 468,149.48 (US$ four hundred sixty-eight thousand one hundred forty-nine and forty-eight cent) or its equivalence in UAE Dirhams together with a simple interest at the rate of 5% per annum as of 8.10.2005 until full payment and to pay the expenses and the amount of AED 500 as advocacy fees and the Court rejected the other requests.

Secretary                                    Head of Department
(Signed)                                     (Signed)

The panel set out at the beginning of this judgment is the panel pronounced this judgment whereas the panel which heard the pleading, deliberated the judgment and signed its draft is comprised of Judge Dr. Abdullah Nasir Hilal, Chairman, Judge Ahmed Mohamed Ismael and Judge Yasir Ahmed Al Ahmedawi, Members

Secretary                                    Head of Department
(Signed)                                     (Signed)

4

27/01/2007  16:17  0097142955377              HILAL DXB                    PAGE 03/06



باسم حضرة صاحب السمو الشيخ خليفة بن زايد آل نهيان

رئيس دولة الإمارات العربية المتحدة

الدائرة المدنية الأولى :-

المؤلفة برئاسة السيد القاضي / أحمد عبدالله الملا :

وعضوية السيد القاضي / أحمد محمد إبراهيم

والسيد القاضي / ياسر أحمد الاحمداوى

وأمين سر الجلسة / خالد سليم سليمان سعيد

بالجلسة العلنية المنعقدة اليوم الأحد الموافق ٢٠٠٦/١٢/١٧ بمقر المحكمة بمدينه الشارقة .

أصدرت الحكم الآتى :-

فى القضية رقم ٣٠٥ لسنه ٢٠٠٥  ( كلى – الشارقة ) .

المــدعـيـة  :: شركة الجزيرة للملاحة ذ.م.م

المدعى عليها  :: شركة خدمات المعاينة والغوص المشترك ذ.م.م

المحكمــة

بعد الاطلاع على الأوراق وسماع المرافعة والمداولة :--

حيث أن الدعوى ولقعة وخصوصها ومستندا سبق أن أحاط بها الحكم الصــادر مـن هــذه

المحكمة بجلسة ٢٠٠٦/٣/١٥ والذي تحيل إليه غناء التكرار الا ان المحكمة توجز واقعائهـا

بالقدر اللازم لحمل هذا الحكم في ان المدعية شركة الجزيرة للملاحة ذ.م.م اختصمت المدعى

عليها شركة خدمات المعاينة والغوص المشترك ذ.م.م بموجب صحيفة أودعت قلــم كتـاب

المحكمة بتاريخ ٢٠٠٥/١٠/٨ وأعلنت قانونا بطلب الحكم بإلزام المدعى عليها بـأن تـؤدى

Case 1:07-cv-07813-LAK    Document 1    Filed 09/04/2007    Page 12 of 27

<div dir="rtl">

دعوى رقم ٣٠٥ـ٢٠٠٥ كلي                                                 ٢

المدعية مبلغ ٤٦٨,١٤٩ دولار أمريكي أو ما يعادله بالدرهم الإماراتي مبلغ ٩ و١,٧١٨,١٠٨ درهم والفائدة بواقع ٩% من تاريخ المطالبة وحتى تمام السداد على سند من القول انه بموجب مشارطة ايجار مؤرخة ٢٠٠٤/٣/٢٠ استأجرت المدعى عليها من المدعية معدات عبارة عن قاطرتين والبارجة ورافعة وتم تجديد العقد حتى ٢٠٠٤/٨/١٠ وقد ترصد في ذمة المدعى عليها لقاء ذلك مبلغ ٤٦٨,١٤٩ دولار امريكى وقد طالبت المدعية المدعى عليها مرارا بالسداد وأجابتها الأخيرة المؤرخة ٢٠٠٥/٢/٢٣ بانشغال ذمتها بمبلغ المطالبة لا انها طلبت منحها أجلا للسداد ومع مضى ذلك الأجل لم تقم بالسداد مما حداها اللجوء للجنة التوفيق والمصالحة ولتعذر التسوية كانت الدعوى الماثلة والطلبات أنفة الذكر .

وحيث ان الدعوى تداولت على النحو المبين بمحاضر جلساتها حتى جلسة ٢٠٠٦/٣/١٥ وفيها قضت المحكمة بعدم قبول الدعوى لوجود شرط التحكيم .

وحيث ان المدعية طعنت على ذلك الحكم بالاستئناف رقم ١٧٧ لسنة ٢٠٠٦ وقضت محكمة الاستئناف بجلسة ٢٠٠٦/٧/٥ بقبول الاستئناف شكلا وفى الموضوع بإلغاء الحكم المستأنف والقضاء بقبول الدعوى واحالتها للمحكمة الابتدائية للفصل في موضوعها .

وحيث انه وتنفاذا لذلك الحكم اتخذت صورة الدعوى الماثلة وتداولت على النحو الثابت بمحاضر الجلسات حتى جلسة ٢٠٠٦/١١/٨ وفيها قدمت المدعية مذكرة أشارت فيها إلى ان مفاد الرسالتين المرسلتين من المدعى عليها للمدعية في ٢٠٠٥/٤/١٧ ، ٢٠٠٥/٤/٢٣ إقرار المدعى عليها بالمديونية واستعدادها للسداد عند قدرتها على ذلك للصعوبات المالية التي تمر بها وانتهت فيها إلى القضاء بالزامها بطلباتها الواردة بلائحة الدعوى ، كما قدمت حافظة مستندات طويت على نـ:

١- صورة من كتاب من المدعى عليها للمدعية في ٢٠٠٥/١/٣ بسداد مبلغ خمسون ألف دولار كدفعة متأخرة من المستحق .

٢- صورة رسالة من المدعى عليها للمدعية في ٢٠٠٥/٤/١٧ تشير فيها إلى الصعوبات المالية التي تمر بها واستعدادنا لدفع فواتير المبالغ المستحقة المتأخرة عند القدرة على ذلك .

٣- صورة رسالة من المدعى عليها للمدعية في ٢٠٠٥/٤/٢٣ أوردت بها أنها لا تذكر التزاماتها قبل المدعية وتطلب مهلة حتى تتحسن ظروفها المالية .

</div>




شرط التحكيم واحتياطيا رفض الدعوى .

وحيث ان المحكمة قررت بهذه الجلسة حجز الدعوى للحكم بجلسة اليوم .

وحيث انه من المقرر انه يجب وفاء الحق متى استوفى شروط استحقاقه القانونية فان تخلف المدين وجب تنفيذه جبرا عليه تنفيذا عينيا أو تعويضيا طبقا للقانون .

وحيث انه من المقرر ان تحصيل فهم الواقع في الدعوى وتقدير أدلتها واستخلاص الحقيقة منها ومن كافة الشواهد والدلائل والقرائن من سلطة محكمة الموضوع متى كان تحصيلها سائغا له أصله الثابت في الأوراق ولا مخالفة فيه للقانون .

وحيث انه من المقرر ان الدفاتر التجارية المنتظمة التي بمسكها التاجر تكون حجة لصاحبها التاجر ضد خصمه التاجر متى كان النزاع متعلقا بعمل تجاري .

وحيث ان الثابت من أوراق الدعوى انه بموجب مشارطه بتأجير مؤرخة ٢٠٠٤/٣/٢٠ استأجرت الشركة المدعى عليها عن المدعية ـ وهما شركتان يعملان في مجال الأعمال البحرية ـ قاطرتين وبارجة ورافعة وذلك حتى ٢٠٠٤/٨/١٠ وأسدرت المدعية فواتير ببدل إيجار تلك المعدات والخدمات التي قدمتها وما أنفقته من مبالغ عليها إبان سريان تلك المشارطه وكذا كشف بالحساب مؤرخ ٢٠٠٥/٦/١٢ وذلك من واقع دفاترها التجارية مبينا به رقم كل فاتورة وتاريخها وقيمتها وموضوعها ولم تقدم المدعى عليها ما يفيد تسجيل اعتراضها عليها أو منازعتها فيها أو أى منها ، والثابت أيضا انه وردا على رسائل المدعية للمدعى عليها بالمطالبة بمستحقاتها عن مشارطة التأجير أنفة الذكر فقد أرسلت الأخيرة للأولى ثلاث رسائل الأولى في ٢٠٠٥/١/٣ تفيد تحويلها لحساب المدعية مبلغ خمسون ألف دولار أمريكى من المستحق لها والأخرين في ٢٠٠٥/٤/١٧ و ٢٠٠٥/٤/٢٣ مفادهما عدم المنازعة في مستحقات المدعية واستعدادها للسداد عند تحسن موقفها المالي للصعوبات المالية التي تمر بها إلا ان ذلك وكانت المدعى عليها لم تقدم دليلا أو بينة يمكن الركون إليها لدحض دعوى المدعية فإن المحكمة وبما لها من سلطة تحصيل فهم الواقع في الدعوى وتقدير أدلتها واستخلاص الحقيقة تخلص من جماع ما تقدم إلى انشغال ذمة المدعى عليها بمبلغ المطالبة محل التداعي بما تقضى بإلزامها بأدلته للمدعية .

وحيث انه عن طلب الفائدة فإنه ولما كان الدين المطالب به دينا تجاريا فإن المحكمة تقضى بفائدة سنوية بسيطة ٥% من تاريخ ٢٠٠٥/١٠/٨ وحتى السداد التام وبما لا يجاوز أصل الدين عملا بالمواد ٧٦، ٨٨ ، ٩٠ من قانون المعاملات التجارية .

دعوى رقم ٣٠٥-٢٠٠٥ كلى                                                 ٤

وحيث انه عن المصروفات فالمحكمة تلزم بها المدعى عليها بنصفيها المحكوم عليها فـي
الدعوى عملا بالمادة ١٣٣/١،٢ من قانون الإجراءات المدنية ..

**فـــــــــهـــــذه الأســـبــــاب**

<u>حكمـت المحكمـة حضوريـا :- بإلزام المدعى عليها شركة خدمات المعاينة والغوص</u>
المشترك ذ.م.م بأن تؤدى للمدعية شركة الجزيرة للملاحة ذ.م.م مبلغ ٤٦٨,١٤٩ دولار
امريكى ( أربعمائة وثمانية وستون ألفا ومائة وتسعة وأربعون دولار امريكى وثمانية وأربعون
سنتا ) أو ما يعادله بالدرهم الإماراتى وفائدة سنوية بسيطة ٥% من تاريخ ٢٠٠٥/١٠/٨
وحتى السداد التام وألزمتها المصروفات ومبلغ خمسمائة درهم مقابل أتعاب المحاماة
ورفضت ماعدا ذلك من الطلبات ..

( أمين الســر )

( رئيس الدائرة )

الهيئة المدونة بصدر هذا الحكم هى التى نطقت به أما الهيئة التى سمعت المرافعة وتداولت
فى الحكم ووقعت على مسودته مكونة من السيد القاضى د. عبدالله ناصر هلال وعضويه
السيد القاضى / احمد محمد إسماعيل والسيد القاضى / ياسر احمد الأحمداوى ..

( رئيس الدائرة )

( أمين السر )

EXHIBIT B

*Fulmer* (handwritten)

<u>TRANSLATION</u>

[On the Letterhead of Sharjah Federal Court of Appeal]

In the Name of His Highness Sheikh Khalifah Bin Zayed Bin Sultan Al Nahyan
The President of the United Arab Emirates
-The Civil Circuit-

Consisting of:

Judge Hamad Ibrahim Yaqoob          Chairman
Judge Saeed Muawadh Sayed Ahmed     Member
Judge Jalal Mohammed Essa           Member

Secretary: Mr. Hadif Ali Salim Al Mansouri

At the open session held on 13 Jumada Akhera 1427 H. corresponding to 9/7/2006 in the City of Sharjah

<u>Issued the Following Judgment</u>

In Civil Appeal No. 203 of 2006 filed by:

Appellant Al Jazeerah Shipping L.L.C.

Respondent: CDIS (L.L.C.)

For civil plenary judgment issued by the Sharjah Federal Court of First Instance number 306/2005 dated 28/3/2006

The Court

Upon perusal of the documents, hearing of pleading and legal deliberation

Date of filing the Appeal: 23/4/2006

As to form: The Appeal was submitted within the legal term and fulfilled its legal conditions, it is therefore accepted as to form.

Whereas the facts, evidence and documents of the present claim have been discussed in detail by the Appealed Judgment, which are referred to and which reasons are adopted by this Court in order to avoid repetition, which can be summarized in that the Plaintiff Appellant, Al Jazeerah Shipping Company filed the present Claim against the Respondent, CDIS stating in its plaint that it is a company registered in Manama, the Kingdom of Bahrain, which owns and charters towage vessels and tankers relating to maritime works, the Defendant is a company existing and registered in the Emirate of

2

Sharjah carrying on the business of maritime contracting, submarine services, maritime survey and supply of sailormen to vessels, that pursuant to a charter party dated 6/5/2004 the Defendant chartered from the Plaintiff the towage boat named Fulmar and the tanker named (GTO18) for the term of three weeks renewable for further terms, the Plaintiff handed over the towage boat and the tanker, the Defendant commenced use of the towage boat and the tanker for its own purposes, the charter party was extended for further terms and expired on 9/8/2004, the Defendant paid part of the agreed fare to the Plaintiff, the amount of US Dollars 137,000.46, equivalent to Dirhams 503,134.19, remained outstanding and payable by it, that the Plaintiff repeatedly demanded the Defendant to settle the outstanding amounts, the Defendant responded by its letter dated 23/4/2005 confirming that the amount claimed for is payable by it to the Plaintiff, it requested to be given time to settle it, the period given to the Defendant for payment elapsed without the Defendant settling the amount claimed for, the Plaintiff filed its claim before the Reconciliation Committee and by Claim No. 2053/2005 the Committee resolved to refer the Claim to court, consequently, the Plaintiff filed its Claim requesting to issue a judgment obligating the Defendant to pay to the Plaintiff the amount of US Dollars 137,000.46, equivalent to Dirhams 503,134.19 in addition to the interest at the rate of 9% as of the date of claim to full payment, with the costs and legal fees.

Whereas the Court of First Instance, upon perusal of the evidence and hearing of pleadings by the parties, ordered to dismiss the Claim on the grounds of having an arbitration clause and obligated the Plaintiff to pay the costs and legal fees in the amount of Dirhams three hundred.

Whereas the Appellant did not accept the Appealed Judgment it filed the present Appeal requesting to accept the Appeal as to form, and as to subject to vacate the Appealed Judgment and to obligate the Respondent to pay to the Appellant the amount of US Dollars 137,000.46, equivalent to Dirhams 503,134.19 with the legal interest at the rate of 9% as of the date of claim to full payment and to obligate the Respondent to pay the costs and legal fees.

Upon deliberation of the Appeal at the hearings, upon submission by the parties of their pleadings and upon request the Court reserved the Claim for judgment at the session of 28/6/2006, the session was postponed to 9/7/2006.

The Appellant faults the Appealed Judgment for being contrary to and misapplying law, it lacks reasons and misinterprets evidence, on the grounds that when the Appealed Judgment ruled to dismiss the Claim it was contrary to the provisions of law as reference to arbitration results from dispute between the parties of the Claim which requires reference of the same to an arbitrator for issuance of an award on the points of difference between the parties of the contract, and for showing the breaching party and the affected party who fulfilled its obligations, all during the term of the contract, as the Respondent chartered the towage boat and the tanker from the Appellant and the charter party expired on 9/8/2004, the Appellant received the chartered vessels and machinery, the agreement between the parties has been performed, the dispute between the parties relates to the outstanding balance amount, the Respondent admitted in its letters dated 17/4/2005 and

3

23/4/2005 submitted in its dossier of documents, that the amount in question was payable by it to the Appellant and that it would settle the said amount as soon as it becomes able to do so, which means that there is no dispute between the parties over the outstanding balance amount, the Respondent only requested to be given time to settle the same, thus, it admitted the indebtedness payable by it, which requires to vacate the Appealed Judgment and to issue a judgment in favor of the Appellant in accordance with its requests in the Appeal Plaint and the Explanatory Memorandum submitted by it. The Respondent responded to the Appeal filed by the Appellant that by reference to Clause 31(c) of the charter party which provides that any dispute relating to the charter party shall be referred to arbitration, accordingly, the agreement is clear in this respect, furthermore, Article 203/5 of the Civil Procedures Law provides (If the parties agree on arbitration in a dispute no claim on the same may be entertained by the court), the present dispute is closely related to the subject of the charter party, which relates to the charter of certain machinery, the Respondent insisted on the arbitration clause when the Claim was before the Court of First Instance and continues to insist on the same and requests to dismiss the Appeal and to uphold the Appealed Judgment and to obligate the Appellant to pay the cost and legal fees.

As to subject: Whereas it is a rule that the trial court has full power in interpreting the facts of the claim and in evaluating the evidence and defense submitted in it, the court should only set out the facts based on which it reached its conclusion and should base its judgment on proper reasons which have their confirmed support in the documents and which are sufficient to support its judgment, the court is not obligated to respond to each and every aspect of defense submitted by the parties as long as the facts by which the court is convinced and the evidence on which it relied contain implicit response refuting such defense and statements.

By reference to the Claim file and to all the evidence submitted in it, the statements and the pleadings of the parties of the Claim, our Court finds that the confirmed facts can be summarized in that on 6/5/2004 and pursuant to a charter party, the Respondent chartered from the Appellant the towage boat named Fulmar and the tanker named (GTO 18), the charter party expired on 9/8/2004, the Appellant received the towage boat and the tanker, the Respondent did not challenge the Appellant in this regard, the Appellant demanded the Respondent by letter dated 2/1/2005 to pay the amounts due by it under the charter party, accordingly, the Respondent, by its letter dated 3/1/2005, transferred to the Appellant the amount of US Dollars fifty thousand and informed it that the Respondent would notify it on payment of the second installment. Several letters were issued by the Respondent to the Appellant concerning the amounts payable by it under the charter party entered into by them (the letters are submitted and kept in the Claim file). In the letter dated 8/1/2005 concerning overdue payment it is stated that (we are currently making arrangements relating to two contracts which will provide us with considerable cash flow within the first quarter of this year. Until then, we will be able to pay the installments as we have been recently. We are unable to provide you with specific payment schedule in spite of the fact that I am aware of that this reason would be the ideal solution. I hope that you understand that we are doing our best to settle this debt at the earliest time

4

possible. I personally thank you for all the support you provided to us and for putting up with us so far.)

The Respondent also sent letter dated 17/4/2005 on the same subject in which it stated (we refer to your letter by which you demand payment of the due amount. As per our recent telephone discussion and due to the fact that we have not received major amounts, we are currently facing temporary difficulties in the cash flow and therefore we are unable currently to pay the outstanding and overdue amounts. We are exerting all efforts to handle the situation and hope that in the near future our debtors will pay us part of the outstanding and overdue amounts, as you know the amounts payable to us are major amounts exceeding few millions of dollars. The invoices and the overdue amounts agreed on will be paid as soon as we are able to). The Respondent sent a third letter dated 23/4/2005 to the Appellant stating that (The Company does not intend or wish to deny its obligations. We are proud of our record in paying creditors we had before we ran into the current difficulties. No one is more sorry than us for the current situation. You were right when you said that our difficulties are not your problem, we admit that, however, they directly affect you. If the debtors pay us the major amounts payable to us by them we will be in a position to make the payment, as we explained earlier. The amounts we are creditors for are bigger than those for which we are debtors. We are working on recovering our balance. As we mentioned before we expect our circumstances to improve in the near future. In all cases, we will not make any commitments until we are sure that our circumstances have become better, otherwise, it would be stupid and irresponsible to make any commitments which we can not fulfill. We are sorry for your decision to commence a law suit which will cause difficulties to both companies and will delay the possibility of our ability to pay our debt to you. We repeatedly confirmed to you that we are intending to pay the amounts payable by us as soon as we become reasonably able to do so. Threatening by a law suit will not help us make the payments earlier than our genuine intent to make them. We request you to reconsider your position taking into consideration the fact that we maintained full transparency in our negotiations with you and you are fully aware of our difficulties and the reasons thereof.)

Our Court concludes from these letters that the Respondent does not have any dispute relating to the charter party or any provision or the performance of the charter party. It also does not claim or attribute to the Appellant any breach of its obligations under the charter party. The letters conclusively prove that the Respondent's default was due to its disability to settle its financial obligations, which is not within the scope of arbitration or the arbitration clause. This is not affected by the submissions of Respondent's attorney over the stages of trial in which he denied the transaction by short and undefined hearsay which this Court disregards.

Accordingly, and in view of the foregoing, the pleading relating to not hearing the Claim on the grounds of having an arbitration clause is contrary to law.

Whereas the Appealed Judgment reached a conclusion contrary to that reached by our Court, its judgment should be vacated which requires to remand the Claim to the Court of

5

First Instance for resolution of the subject, as the said Court did not exercise its jurisdiction, and to obligate the Respondent to pay the costs and legal fees.

For These Reasons

The Court orders:

1.    To accept the Appeal as to form.

2.    As to subject: To vacate the Appealed Judgment and to remand the Claim to the Court of First Instance, and to obligate the Respondent to pay the costs and Dirhams five hundred as legal fees.

Issued on 9/7/2006

[signed by Secretary]

[signed by Chairman]
[stamped]

34-JUL-2006  15:33  FROM  HILAL&ASSOCIATES DXB        TO     H4 DUBAI        3319989    P.03/08
                                                                                              P.01/05



**UNITED ARAB EMIRATES**
MINISTRY OF JUSTICE & ISLAMIC
AFFAIRS & AWQAF (JUSTICE SECTOR)
SHARJAH FEDERAL APPEAL COURT
TEL.: 00971 - 6 - 5633555
FAX : 00971 - 6 - 5630003
P.O. BOX : 6017 - SHARJAH

دولة الإمارات العربية المتحدة
وزارة العدل والشئون الإسلامية والأوقاف
(قطاع العدل)
محكمة الشارقة الإستئنافية الإتحادية
هاتف : ٥٦٣٣٥٥٥ - ٦ - ٩٧١٠٠
فاكس : ٠٣ - ٥٦٣٠٠٠ - ٦ - ٩٧١٠
ص . ب : ٦٠١٧ - الـشـارقـة

بامم صاحب السمو الشيخ خليفة بن زايد بن سلطان آل نهيـــان
رئيس دولة الإمارات العربية المتحـــــــدة

- الدائرة المدنيـــــة -

المؤلفة من :

السيد القاضي / حمـــد إبراهيـــم يعقـــوب .                رئيسا

السيد القاضي / سعيـد معـــوض سيـد أحمد .                عضوا

السيد القاضي / جــــلال محمــــد عيســـي .                عضوا

وأمانة سر السيد / هاتف على سالم المنصوري.

بجلستها العلنيـــة المنعقدة في يوم ١٣ جمادى الآخرة ١٤٢٧ الموافـــق ٢٠٠٦/٧/٩م
بمدينة الشارقة .

أصدرت الحكم الآتــــــــي

في الإستئناف المدني  رقم ٢٠٣ لسنة ٢٠٠٦ والمرفوع من :

المستأنفة : شـــركـــة الجزيـــــــرة للملاحـــــــة ( ذ.م.م ) .

المستأنف ضدها : شركة خدمات المعاينة والغوص المشترك ( ذ.م.م ) .

عن الحكم الصادر من محكمة الشارقة الابتدائية الإتحادية برقـــم ٢٠٠٥/٣٠٦
مدني كلي بتاريخ ٢٠٠٦/٣/٢٨م.

24-JUL-2006  15:33     FROM  HILALSASSOCIATES DXB          TO     HA DUBAI          3319938   P.04/08
                                                                                                      P.02/06

الاستئناف رقم ٢٠٠٦/٢٠٣

محكـ ـمـــــة

بعد الاطلاع على الأوراق وسماع المرافعة والمداولة قانوناً

تاريخ تقديم الاستئناف : ٢٠٠٦/٤/٢٣

من حيث الشكل :- الاستئناف مقدم ضمن المدة ومستوفى لأوضاعه القانونية فيكون مقبولاً
شـــ ـكـــــلاً .

وحيث أن واقعة الدعوى تدل بينها وفصلها وأحاط بها وبينتها ومستنداتها الحكم المستأنف
ثَري هذه المحكمة الإحالة إليه والأخذ بأسبابه منعاً للتكرار والإطالة وإن كانت توجزها رمز
استجد فيها في أن المدعية المستأنف ضدها شركة خدمات السفينة والغوص المشترك حيث جاء في لائحة
المستأنف ضدها المدعي عليها شركة خدمات السفينة والغوص المشترك حيث جاء في لائحة
دعواها أنها شركة مسجلة بالمنامة مملكة البحرين تملك وتؤجر سفن القطر والبارجات المتعلقة
بالأصال البحرية والمدعى عليها شركة قائمة ومسجلة بإمارة الشارقة وتمارس نشاطها في
أعمال المقاولات البحرية تحت الماء والعمليات البحرية وإمداد السفن بالبحارة وبموجب
مشاركة إيجار مؤرخة في ٢٠٠٤/٥/٦ قامت المدعي عليها باستئجار قارب القطر المسمى
فولار والبارجة السماء (( جي تي أو ١٨ )) من المدعية لفترة إيجار لمدة ثلاثة أسابيع قابلة
للتجديد لفترات أخرى هذا وقد سلمت المدعية القاطرة والبارجة وباشرت المدعي عليها في
استخدام القاطرة والبارجة لأغراضها الخاصة وتم تمديد مشاركة الإيجار لفترات أخرى حيث
إنتهت المشاركة بتاريخ ٢٠٠٤/٨/٩ قامت المدعي عليها بسداد جزء من الأجرة المترتبة إلى
المدعية وترصيد بنمتها مبلغ وقدره فقط ١٣٧,٠٠٠,٤٦ دولار أمريكي بما يعادل
٥٠٣,١٣٤,١٩ درهم طالبت المدعية المدعي عليها مراراً وتكراراً بضرورة سداد المبالغ
المترصدة بنمتها وقد أجابت المدعي عليها بموجب رسالتها المؤرخة في ٢٠٠٥/٤/٢٣
بالإيجاب واشغال ذمتها بمبلغ المطالبة لصالح المدعية وقد طلبت فترة سداد ورغم مضى
المدة لم تسدد المبالغ المدعي به وقد تقدمت بدعواها لملم لجنة التوفيق والمصالحة وقد تقررت
بالدعوى رقم ٢٠٠٥/٢٠٥٣ بإحالة الدعوى للمحكمة ونتيجة لذلك تقدمت المدعية بدعواها
تطالب فيه الحكم بإلزام المدعى عليها بأن تؤدي للمدعية مبلغ ١٣٧,٠٠٠,٤٦ دولار أمريكي
ما يعادل ٥٠٣,١٣٤,١٩ درهم بالإضافة إلى فائدة ٩% من تاريخ المطالبة وحتى السداد التام
مع الرسوم والمصاريف والأتعاب .

وحيث أن محكمة للدرجة الأولى وبعد تدقيقها للبينه وسماعها لمرافعات الأطراف قضت بعدم
قبول الدعوى لوجود شرط التحكيم وألزمت المدعية بالرسوم والمصاريف ومبلغ ثلاثمائة
درهم أتعاب محاماة .

24-JUL-2006  15:33    FROM HILAL&ASSOCIATES DXB    TO    HH DUBAI    3319998  P.05/08
P.05/06

الاستئناف رقم ٢٠٠٦/٢٠٣

وحيث أن المستأنفة المدعية لم ترتض الحكم المستأنف فطعنت عليه بالاستئناف الماثل تطلب فيه قبول الاستئناف شكلاً وفي الموضوع بإلغاء الحكم المستأنف فيما قضى به والقضاء بإلزام المستأنف ضدها بأن تؤدى للمستأنفة مبلغ ١٣٧,٠٠٠,٤١ دولار أمريكي ما يعادل مبلغ ٥٠٣,١٣٤,١٦ درهم مع الفائدة القانونية ٩% من تاريخ المطالبة وحتى السداد التام وإلزام المستأنف ضدها بالرسوم والمصاريف ومقابل أتعاب المحاماة .

وأدى تداول الاستئناف في الجلسات وبعد أن قدم الأطراف مرافعاتهم وبالطلب تقرر حجز الدعوى للحكم لجلسة ٢٠٠٦/٦/٢٨ وتم مد أجل الحكم إلى يوم ٢٠٠٦/٧/٩.

هذا وقد نعت المستأنفة على الحكم المستأنف أنه جاءَ مشوباً بمخالفة القانون والخطأ في تطبيقه فضلاً عن القصور والفساد في الاستدلال حيث أن الحكم المستأنف وعند قضائه بعدم قبول الدعوى قد خالف أحكام القانون ذلك أن اللجوء للتحكيم يتم نتيجة لوجود نزاع بين طرفي الدعوى ويتبع إحالة الأمر إلى محكم لإصدار رأيه حول ما أثير من أوجه إختلافات بين طرفي العقد ويبان من أخذ بالالتزامات الواقع عليه ومن أوفى بما هو مطلوب منه وذلك كله أثناء فترة سريان العقد ولما كانت المستأنف ضدها قد استأجرت من المستأنفة قارب القطر والبارجة وانتهت المشارطة بتاريخ ٢٠٠٤/٨/٩ وتسلمت المستأنفة السفن والآلات المستأجرة بقيمة الإيجار المتبقي والذي تعهــدت المستأنف ضدهـــا بموجب كتابيها المـــــؤرخ في ٢٠٠٥/٤/١٧ و ٢٠٠٥/٤/٢٣ والمرافقين في حافظة مستنداتها بأنها تقر بإشغال ذمتها بالمبالغ المستحقة للمستأنفة وأنها ستقوم بدفعها حالما تصبح قادرة على الدفع وهذا معناه أنه لا نزاع بين الطرفين على المبالغ المترصدة ولكن تطلب المستأنف ضدها الإمهال للسداد وعليه للمستأنف وفق طلباتها الواردة في لائحة الاستئناف والمذكرة الشارحة المقدمة من قبلها في حين أجابت المستأنف ضدها على الاستئناف المقدم من المستأنفة أنه ومن الرجوع إلى عقد مشارطة الإيجار وللفقرة (ج) من المادة (٣١) والتي نصت على أنه يجب إحالة أي نزاع عن هذه المشارطة للتحكيم وعليه فإن الاتفاق واضحاً في ذلك إضافة لذلك فإن المادة ( ٢٠٣/ﻫ ) من قانون الإجراءات المدنية قد نصت ( وإذا اتفق الخصوم على التحكيم في نزاع ما فلا مشارطة الإيجار والمتعلقة بقيمة استئجار بعض الآلات وعليه فإن المستأنف ضدها تتمسك بشرط التحكيم منذ كانت الدعوى أمام محكمة الدرجة الأولى ولا تزال وتطليب رفض الاستئناف وتأييد الحكم المستأنف مع تضمين المستأنفة الرسوم والمصاريف والأتعاب.

3

24-JUL-2006  15:33   FROM HILAL&ASSOCIATES DXB      TO         3319988   P.06/09
24-JUL-2006  15:33   FRM HILAL&ASSOCIATES-SHJ       TO  HA DUBAI         P.04/06

الاستئناف رقم ٢٠٠٦/٢٠٣

وفى الموضوع :- وحيث أنه ولما كان من المقرر أن لمحكمة الموضوع السلطة التامة في
تحصيل فهم الواقع في الدعوى وتقدير ما يقدم فيها من أدلة ودفوع وحسبها أن تبين الحقيقة
التي اقتنعت بها وأن تقيم قضائها على أسباب سائغة لها أصلها الثابت في الأوراق وتكفي
لحمله وغير ملزمة بتتبع الخصوم في كافة عناصر دفاعهم ما دام قيام الحقيقة التي اقتنعت بها
وأوردت دليلها فيها الرد الضمني المسقط لتلك الحجج والأقوال .

وحيث تجد محكمتنا من خلال رجوعها لملف الدعوى وكافة البينات المقدمة فيها وأقوال
ومرافعات أطراف الدعوى أن الواقعة الثابتة تتلخص في أنه وبتاريخ ٢٠٠٤/٥/٦ وبموجب
عقد مشارطه ايجار قامت المستأنف ضدها باستئجار قارب القطر المسمى فولمار والبارجة
المسماة ( جى تى أو ١٨ ) من المستأنفة وانتهت المشارطه بتاريخ ٢٠٠٤/٨/٩ واستلمت
المستأنفة قارب القطر والبارجة ولم تنازع المستأنف ضدها في ذلك وقد طلبت المستأنفة من
المستأنف ضدها بموجب الرسالة المؤرخة في ٢٠٠٥/١/٢ بسداد المبالغ المترتبة في ذمتها
نتيجة لعقد المشارطة وعليه قامت المستأنف ضدها بموجب الرسالة المؤرخة في ٢٠٠٥/١/٣
بتحويل مبلغ خمسين ألف دولار للمستأنفة وأنها ستقوم بإعلامها بدفع القسط التالي ، هذا وقد
صدرت عدت رسائل من المستأنف ضدها إلى المستأنفة بخصوص المبالغ المترتبة في ذمتها
نتيجة لعقد مشارطه الإيجار الموقع بينهما ( الرسائل مبرزة ومحفوظة في ملف الدعوى )
حيث جاء في الرسالة المؤرخة في ٢٠٠٥/١/٨ وموضوعها دفعــة متأخــرة ما يلي
(( نحن نقوم حالياً بإجراء ترتيبات بخصوص عتين سيفران لنا تدفقا نقدياً جيداً خلال الربع
الأول من هذه السنة . حتى ذلك الوقت ، سنتمكن فقط من دفع الأقساط كما كنا ندفعها مؤخراً
لا يمكننا أن تقدم لكم خطة دفع محددة على الرغم من معرفتي أن هذا السبب هو الحل المثني
أتمنى أن تتفهموا بأننا نبذل ما باستطاعتنا لتسديد هذا الدين في أقرب وقت ممكن ولشكركم
شخصياً على كل الدعم الذي قدمتموه لنا وتحملكم لنا حتى الآن )) .
كما قامت أيضاً المستأنف ضدها بتوجيه الرسالة المؤرخة في ٢٠٠٥/٤/١٧ بذات الموضوع
حيث جاء فيها بما يلي (( نشير إلى رسالتكم التي تطلبون فيها للدفعة المستحقة كما تباحثنا في
آخر محادثة هاتفية وبسبب عدم دفع المبالغ الكبيرة لنا فنحن الآن نواجه صعوبات مؤقتة في
التدفق النقدي ولذلك نحن غير قادرين في الوقت الحالي على دفع المبالغ المستحقة والمتأخرة
لتسديد . ونحن نبذل كافة الجهود لمعالجة الموقف ونأمل بالمستقبل القريب بأن يدفع المدينين
لنا بعض من المبالغ المستحقة المتأخرة وأنت تعلم بأن المبالغ المستحقة لنا كبيرة وتتعدى
بصفة ملائين من الدولارات وسيتم دفع فواتير المبالغ المستحقة المتأخرة لتسديد المتفق عليها
حالما تصبح قادرين على ذلك)) كما وجهت المستأنف ضدها رسالة ثالثة للمستأنفة مؤرخة في

الاستئناف رقم ٢٠٠٦/٢٠٣

٢٠٠٥/٤/٢٣ جاء فيها ما يلي (( لمن يكن في نية الشركة ولا ترغب التنكر لإلتزاماتها ، كان لنا سجل مثالي في تسديد الدائنين قبل أن نواجه الصعوبات الحالية وهذا أمر نفخر به ، لا حد يأسف على الوضع الحالي أكثر منا ، أنت محق بتصريحك بأن مصاعبنا ليست من شأنك ونحن نقر بذلك ولكن مع ذلك أنت تتأثر مباشرة نتيجة لها ، إذا دفع الدائنون لنا المبالغ المدينة الكبيرة فنحن بدورنا سنكون بوضع يسمح لنا بالدفع كما شرحنا سابقاً أننا دائنون أكثر من كوننا مدينين ، نحن نبذل جهودنا لاسترداد توازننا وكما ذكرنا سابقاً فإننا نترقب تحسن ظروفنا في المستقبل القريب في كافة الأحوال لن نقوم بأي التزامات حتى نتأكد من تحسن ظروفنا وإلا سيكون من الغباء وعدم المسؤولية أن نتعهد بأية التزامات لا نستطيع الوفاء بها . نحن أسفون بخصوص قراركم المتعلق بالمباشرة بدعوى قضائية لأني بسبب صعوبات لكلا الشركتين وأنها تطيل احتمال تمكننا من تسديد التزاماتنا لكم كما صرحنا بشكل متكرر أننا ننوي تسديد الدفعات من المبالغ المستحقة حالما نصبح قادرين بشكل معقول للقيام بذلك ، أن التهديد بدعوى قضائية لنا يساعدنا على تسديد الدفعات في وقت أبكر من نيتنا المصادقة بتسديدها ، نرجو إعادة النظر بموقفكم لمدين بعين الإعتبار أننا حافظنا على كامل الشفافية في مباحثتنا معكم وأنتم على علم بصعوباتنا والأسباب الكامنة ورائها )) .

وحيث تخلص محكمتنا من تلك الرسائل أنه لا توجد هناك ثمة منازعه من قبل المستأنف ضدها تتعلق أو تتصل بعقد مشارطه الإيجار أو في أحد بنوده أو في تنفيذه ، كما أنها لم تدعى أو تنسب للمستأنفة ثمة إخلال بالتزاماتها المتولدة عن العقد . حيث جاءت عبارات الرسائل قاطعة للدلالة لأن منازعة المستأنف ضدها كان مرجعه تعثرها في الوفاء بالتزاماتها المالية وهي مسألة تخرج عن نطاق التحكيم أو شرط التحكيم ولا ينال من ذلك ما أثاره ممثل المستأنف ضدها في المذكرات المقدمة منه في مراحل المحاكمة من إنكاره للمعاملة وبعبارات مقتضبة ومجملة ومرسله وتلتفت محكمتنا عليها .

وعليه واستناداً لما تقدم فإن الدفع المتعلق بعدم قبول الدعوى لوجود شرط التحكيم لا يصادف صحيح القانون.

وحيث أن الحكم المستأنف قد توصل لخلاف ما توصلت إليه محكمتنا فيكون حكمها مستوجباً للإلغاء مما يتعين معه إعادة الدعوى للمحكمة الابتدائية للفصل في الموضوع حيث أنها لم تستنفد ولايتها مع تضمين المستأنف ضدها الرسوم والمصاريف وأتعاب المحاماة .

5

الاستئناف رقم ٢٠٠٦/٢٠٢

لهــــذه الأسبـــــاب

حكمـــــت المحكمـــــة بمـــا يلـــي

١- بقبـــــول الاستئنــــاف شكـــــلاً .

٢- وفي الموضوع :- بإلغاء الحكم المستأنف وإعادتها للمحكمة الابتدائية للفصل في الموضوع مع إلزام المستأنف ضدها الرسوم والمصاريف ومبلغ خمسمائة درهم مقابل أتعاب محاماة .

صدر بتاريخ ٢٠٠٦/٧/٩م

رئيس الدائرة

أمين السر

## ATTORNEY VERIFICATION

State of New York      )
                       ) ss.:
County of New York     )

Michael E. Unger, being duly sworn, deposes and says:

1.      I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3.      The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Michael E. Unger

Sworn to before me this
4th day of September, 2007

_____
NOTARY PUBLIC

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ �